## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

      Plaintiff,

          v.

$30,000.00 and $40,000.00 IN UNITED STATES CURRENCY,

      Defendants *In Rem*.

CIVIL NO.: 22-1027 (MEL)

## OPINION & ORDER

### I.   INTRODUCTION

Pending before the court is Mr. Iván Piñero Vázquez's ("Claimant") motion to dismiss the United States of America's (the "Government") complaint for civil forfeiture *in rem*. ECF No. 42. Claimant seeks dismissal arguing that the Government failed to timely file its complaint pursuant to 18 U.S.C. § 983(a)(3)(A). ECF No. 42 at 2–3. Subsequently, the Government filed a response in opposition to which Claimant replied. ECF Nos. 45, 46. On September 26, 2023, the Government filed a sur reply. ECF No. 47. Because the Government has introduced new facts and supporting exhibits not previously asserted in the complaint, which Claimant concedes to in his reply brief, the court converts Claimant's motion to dismiss to a motion for summary judgment.[1] *Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990). For the reasons detailed below, the court DENIES Claimant's motion.

---

[1] The First Circuit has required "some type of notice as a condition precedent to a court's conversion of a motion to dismiss into one for summary judgment." *Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000) (citation omitted). However, notice is effectively implied "when the opponent has received the affidavit and materials, has had an opportunity to respond to them, and has not controverted their accuracy." *Id.* Here, the notice standard is satisfied because the court is considering exhibits that originated from or written on behalf of Claimant.

## II.    MATERIAL FACTS NOT IN DISPUTE

On June 15, 2021, Drug Enforcement Agency ("DEA") Agents seized $30,000 and $40,000 in U.S. currency (collectively the "Defendants *in rem*") at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico. ECF No. 1 at 2–3. The $30,000 was seized from Claimant, and the $40,000 was seized from Mr. José Antonio Díaz ("Mr. Díaz"). ECF No. 1 at 2. Thereafter, the Defendants *in rem* remained in the possession, custody, or control of the Government. ECF No. 1 at 2.[2]

On September 15, 2021, the DEA received a claim for Defendant's *in rem* on behalf of Claimant, but it was signed only by Claimant's counsel. ECF No. 45 at 2; ECF No. 45-1 at 2; ECF No. 46 at 2, ¶ 3. After receiving said claim, on or around September 24, 2021, the DEA notified Claimant that the claim was defective because Claimant had not signed it under penalty of perjury. ECF No. 45 at 2–3; ECF No. 46 at 2, ¶ 4. On October 18, 2021, the DEA received another claim for Defendants *in rem*, which was signed under penalty of perjury by Mr. Díaz. ECF No. 45 at 3; ECF No. 45-2 at 2; *see also* ECF No. 46 at 2, ¶¶ 5–7. Thereafter, the Government filed this forfeiture action on January 14, 2022. ECF No. 1.

## III.    LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir. 1992) (citations omitted). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if

---

*See* ECF Nos. 45-1, 45-2. Moreover, any fact introduced for the first time in the Government's response in opposition (ECF No. 45) is conceded to in Claimant's reply (ECF No. 46).

[2] Many of the facts (and supporting exhibits) following this paragraph were not previously alleged in the complaint (ECF No. 1) and were first introduced in the Government's response in opposition (ECF No. 45).

the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation." *Farmers Ins. Exch. v. RNK, Inc.*, 632 F.3d 777, 782 (1st Cir. 2011) (quoting *Rodríguez-Rivera v. Federico Trilla Reg'l Hosp.*, 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, the party cannot merely "rely on an absence of competent evidence, but must affirmatively point to specific facts [in the record] that demonstrate the existence of an authentic dispute." *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995) (citation omitted). The party need not, however, "rely only on *uncontradicted* evidence . . . . So long as the [party]'s evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." *Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original) (citation omitted).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Griggs-Ryan*, 904 F.2d at 115. There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and

likelihood." *Greenburg v. P. R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987). The

court may, however, safely ignore "conclusory allegations, improbable inferences, and

unsupported speculation." *Medina-Muñoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.

1990) (citations omitted).

## IV.   ANALYSIS

Claimant argues that the Government's forfeiture action must be dismissed because it

failed to comply with Section 983(a)(3)(A) of the civil forfeiture statute. ECF No. 42 at 1.

Section 983(a)(3)(A) provides that

> [n]ot later than 90 days *after a claim has been filed*, the Government shall file a
> complaint for forfeiture in the manner set forth in the Supplemental Rules for
> Certain Admiralty and Maritime Claims or return the property pending the filing of
> a complaint . . .

18 U.S.C. § 983(a)(3)(A) (emphasis added). The statute further notes that "[a]ny person claiming

property seized in a nonjudicial forfeiture proceeding . . . may file a claim." *Id.* at § 983(a)(2)(A).

Additionally, the statute makes several references to the Government's task to send notice in

civil forfeiture actions. *See e.g.*, *Id.* at § 983(a)(1)(A)(i) (stating that "with respect to which the

Government is required to send written notice to interested parties. . ."); *Id.* at § 983 (a)(1)(F)

("If the government does not send notice of a seizure of property . . ."). Based on the discussion

above, it is apparent that a "claim" is something filed by a third party with an interest in the

property and that "notice" is something given by the Government.

Notwithstanding, Claimant further asserts that Section 983(a)(3)(A)'s 90-day timeline

starts to run when an administrative forfeiture proceeding begins pursuant to 28 C.F.R. § 8.8, that

is when notice is first sent or published, whichever occurs first. 28 C.F.R. § 8.8. Claimant's

argument is meritless because it is at odds with the plain meaning of Section 983(a)(3)(A). Had

Congress intended the 90-day timeline to begin when the administrative forfeiture proceedings

started, it would have explicitly stated so. Instead, the statute explicitly states that the 90-day window starts after a claim is filed. § 983(a)(3)(A). Furthermore, Claimant does not expand on why 28 C.F.R. § 8.8 should be read into Section 983(a)(3)(A) or cite to any case law to support this interpretation. Thus, in accordance with the plain meaning of Section 983(a)(3)(A), the 90-day timeline begins once a claimant files his claim, not when the Government provides notice.

In applying the law to the undisputed facts, the Government timely filed its forfeiture action within the 90-day window provided in Section 983(a)(3)(A). Here, Claimant filed two claims, which were received by the DEA on September 15, 2021, and October 18, 2021. ECF No. 45-1 at 2; ECF No. 45-2 at 2. However, the claim received on September 15, 2021, was defective because it was signed only by Claimant's attorney, not Claimant himself. ECF No. 45 at 2–3; ECF No. 46 at 2, ¶ 4. Therefore, the Section 983(a)(3)(A) 90-day period began to run once the second claim was received on October 18, 2021. Because the forfeiture action was filed on January 14, 2022, 88 days after October 18, 2021, the Government timely filed its complaint in the instant case pursuant to Section 983(a)(3)(A). Accordingly, Claimant's motion to dismiss, which has been converted to a motion for summary judgment, is DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 31st day of January, 2024.

s/Marcos E. López
U.S. Magistrate Judge